```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
UNITED STATES OF AMERICA
and the STATE OF NEW YORK,
ex rel JASON HALEGOUA, M.D.,

                Plaintiff,
                                              MEMORANDUM & ORDER
        -against-                             14-CV-3943(JS)(SIL)

FREED, KLEINBERG, NUSSBAUM, FESTA
& KRONBERG M.D., LLP F/K/A FREED,
SCHERZ, KLEINBERG, NUSSBAUM &
FESTA, M.D., LLP, JAY A. FREED,
M.D., ARNOLD A. SCHERZ, M.D.,
MITCHELL KLEINBERG, M.D., MICHAEL
NUSSBAUM, M.D., ROBERT FESTA, M.D.,
and JASON KRONBERG, D.O.,

                Defendants.
----------------------------------X
```

APPEARANCES
For Plaintiffs:
United States
of America              Kenneth M. Abell, Esq.
                        United States Attorney's Office
                        271 Cadman Plaza East
                        Brooklyn, NY 11201

State of New York       No Appearances.

For Relator:            Andrea Rachel Fischer, Esq.
                        Fischer Legal Group
                        1745 Broadway, Suite 1700
                        New York, NY 10019

                        Robert W. Sadowski, Esq.
                        Sadowski Fischer, PLLC
                        39 Broadway, Suite 1540
                        New York, NY 10006

For Defendants:
Freed, Kleinberg,
Nussbaum, Festa &
Kronberg, M.D., LLP     John G. Martin, Esq.
                        Garfunkel Wild P.C.

                                 111 Great Neck Road, Suite 503
                                 Great Neck, NY 11021

Jay A. Freed, M.D.,
Arnold A. Scherz,
M.D., Mitchell
Kleinberg, M.D.,
Michaelnussbaum, M.D.,
Robert Festa, M.D., and
Jason Kronberg, D.O.      Christopher V. Fenlon, Esq.
                          Michael L. Koenig, Esq.
                          Hinckley Allen & Snyder LLP
                          30 South Pearl Street, Suite 901
                          Albany, NY 12207

SEYBERT, District Judge:

Relator Jason Halegoua, M.D. ("Relator") commenced this qui tam action on June 25, 2014 on behalf of the United States of America (the "Government") and New York State alleging that Defendants ProHEALTH Care Associates, LLP ("ProHEALTH"), Freed, Kleinberg, Nussbaum, Festa & Kronberg M.D., LLP, Jay A. Freed, M.D., Arnold A. Scherz, M.D., Mitchell Kleinberg, M.D., Michael, Nussbaum, M.D., Robert Festa, M.D., and Jason Kronberg, D.O. (collectively, "Defendants") violated the federal False Claims Act, 31 U.S.C. § 3729 et seq. (the "FCA") and the New York State False Claims Act, N.Y. FIN. LAW § 187 et seq. (the "N.Y. FCA"). Pending before the Court is Defendants' motions to dismiss (Docket Entry 60) and Relator's motions to seal the case for purposes of filing a Second Amended Complaint ("SAC") pursuant to 31 U.S.C.

§ 3730(b).¹ (Docket Entries 65, 67). For the reasons that follow, Defendants' motion to dismiss is DENIED WITHOUT PREJUDICE; and Relator's motion to seal is GRANTED IN PART AND DENIED IN PART.

BACKGROUND

Relator filed an Amended Complaint in this case on February 13, 2015, alleging that Defendants engaged in overbilling practices in violation of the FCA and the N.Y. FCA. (Am. Compl., Docket Entry 7, ¶¶ 37-88.) The Amended Complaint was filed under seal pursuant to 31 U.S.C. § 3730(b) to afford the Government time to review the pleading and decide whether to intervene in the case. (See Docket Entries 2, 6.)

On March 25, 2015, the Court issued an Order unsealing both the Complaint and Amended Complaint, however, the Court noted that the Government had not yet made a decision about whether to intervene in the action. (See July 2, 2014 Order, Docket Entry 4; Mar. 25, 2015 Order, Docket Entry 6.)

After the Amended Complaint was served on Defendants, Defendants moved to dismiss the Amended Complaint. (Docket Entries 53, 60.) Instead of responding to Defendants' motions, however, Relator filed a separate motion seeking to re-seal the case

---

¹ ProHEALTH also filed a motion to dismiss on November 2, 2015. However, ProHEALTH's motion is now MOOT because ProHEALTH was voluntarily dismissed from this case on February 5, 2016. (See Docket Entries 66, 68.) Thus, for the remainder of this opinion, the term "Defendants" shall not refer to ProHEALTH.

pursuant to 31 U.S.C § 3730(b), ostensibly to allow Plaintiff to present new allegations in the Second Amended Complaint ("SAC") to the Government. (Docket Entry 67.)

Pending before the Court is Defendants' motion to dismiss (Docket Entry 60) and Relator's motions to seal the case. (Docket Entries 65, 67.) Relator claims that this case should be resealed pursuant to 31 U.S.C § 3730(b) to allow the Government to investigate the allegations in Relator's SAC. (Relator's Br., Docket Entry 65-1, at 2.) Defendants' argue in opposition to Relator's motion that (1) 31 U.S.C § 3730(b) is not applicable in this situation, and (2) Relator must comply with Federal Rule of Civil Procedure 15 and file a motion to amend before filing the SAC. (Defs.' Opp. Br., Docket Entry 69, at 8-17). In an abundance of caution, the Court will allow Relator to file his proposed SAC under seal. However, Relator must also comply with Rule 15 by filing a motion to amend before this case can proceed any further.

DISCUSSION

I. The Sealing Requirement of the FCA

The FCA provides in relevant part that "any person who knowingly presents, or causes to be presented, to an officer or employee of the United States Government . . . a false or fraudulent claim for payment or approval . . . is liable to the United States Government . . . ." 31 U.S.C. § 3729(a). Under the qui tam provisions of the FCA, private persons may bring civil

actions for violations of the FCA on behalf of the Government. See, U.S. ex rel. Woods v. Empire Blue Cross & Blue Shield, No. 99-CV-4968 (DC), 2002 WL 1905899, at *4 (S.D.N.Y. Aug. 19, 2002). These cases are brought by a 'relator,' who files the complaint under seal and provides it to the Government. 31 U.S.C. § 3730(b)(2). The complaint will remain under seal for at least sixty days and, in the typical case, the Government will decide to either "(1) proceed with the action, or (2) notify the court that it declines to take over the action, leaving the relator with the right to conduct the action." Woods, 2002 WL 1905899, at *4. "[T]he sixty-day sealing period, in conjunction with the requirement that the government, but not the defendants, be served, was intended to allow the Government an adequate opportunity to fully evaluate the private enforcement suit and determine both if that suit involves matters the Government is already investigating and whether it is in the Government's interest to intervene and take over the civil action." U.S. ex rel. Pilon v. Martin Marietta Corp., 60 F.3d 995, 998-99 (2d Cir. 1995) (internal quotation marks and citation omitted); Am. Civil Liberties Union v. Holder, 673 F.3d 245, 250-51 (4th Cir. 2011) ("The seal provisions provide time for such consultation and investigation so that the United States may make an informed decision about whether to intervene in the qui tam action.").

Although the Second Circuit has not addressed whether the requirement to file the "complaint" under seal under 31 U.S.C. § 3730(b) also applies to the Amended Complaint, "district courts have generally found that when an amended complaint makes similar allegations of fraud, resealing is not required." U.S. ex rel. Kolchinsky v. Moody's Corp., --- F. Syoo, 3d ----, 2016 WL 551679, at *6-7 (S.D.N.Y. 2016) (collecting cases); U.S. ex rel. Mikes v. Straus, 931 F. Supp. 248, 258-61 (S.D.N.Y. 1996) (holding that "[t]he requirements of § 3730(b)(2) are not jurisdictional and [a] violation of those requirements does not per se require dismissal of the qui tam complaint"); United States v. Dialysis Clinic, Inc., No. 5:09-CV-00710, 2011 WL 167246, at *4 (N.D.N.Y. Jan. 19, 2011) (accepting a second Amended Complaint that was not filed under seal).

The more difficult question is whether Section 3730(b)'s sealing requirement applies to an amended pleading when the pleading raises substantially new allegations. In support of the notion that the Second Amended Complaint in this case should be filed under seal, Plaintiff relies upon U.S. ex rel. Davis v. Prince, 766 F. Supp. 2d 679, 684 (E.D. Va. 2011), in which the court stated in dicta that the "term 'complaint' in § 3730(b)(2) encompasses original complaints and amended complaints, where the latter add new claims for relief or new and substantially different allegations of fraud." Although Davis is not binding upon the

Court, the idea that a pleading containing "new" FCA allegations should comply with Section 3730(b) finds support in other cases, including cases within this Circuit. In U.S. ex rel. Wilson v. Bristol Myers Squibb, Inc., for example, the court found that the relator was required to comply with the sealing requirements of Section 3730(b) before filing his third amended complaint because the pleading added a new relator and contained allegations "not substantially similar" to those in prior complaints. No. 06-CV-12195, 2011 WL 2462469, at *6-7 (D. Mass. June 16, 2011), aff'd sub nom. U.S. ex rel. Wilson v. Bristol-Myers Squibb, Inc., 750 F.3d 111 (1st Cir. 2014). And similarly, in United States ex rel. Kolchinsky v. Moody's Corp., --- F. Supp. 3d ----, 2016 WL 551679, at *7 (S.D.N.Y. 2016) (The court held that a relator was not required to file an amended complaint under seal when the pleading added allegations that were merely "variations on [the same] theme" and "the Government was afforded the opportunity to intervene, elected not to do so."). But see U.S. ex rel. Saldivar v. Fresenius Med. Care Holdings, Inc., 972 F. Supp. 2d 1317, 1327 (N.D. Ga. 2013) (evaluating a relator's motion to amend under Rule 15 and holding that "section 3730(b)(2) provides no statutory bar preventing Relator's motion to amend"); U.S. ex rel. Stewart v. Altech Servs., Inc., No. CV-07-0213, 2010 WL 4806829, at *2 (E.D. Wash. Nov. 18, 2010) (holding that "by its terms, § 3730(b)(2) applies only to the complaint and not to any amended complaint").

7

In this case, Relator seeks to file the proposed SAC under seal pursuant to Section 3730(b), arguing that the SAC alleges substantially new allegations which the Government has not had the opportunity to review. (Relator's Br. at 2.) This case is complicated by the fact that, following its investigation, the Government equivocally stated that it "has not yet made an intervention decision," but nonetheless consented to allow the case to be unsealed. (Mar. 25, 2015 Order, at 2.) Relator now represents to the Court that the government "consents" to his request to reseal the case. (Relator's Br. at 3.) Given the government's uncertain position regarding intervention in this action, in an abundance of caution, the Court will allow the proposed SAC to be filed under seal pursuant to Section 3730(b).

II. Relator Must Comply with Federal Rule of Civil Procedure 15

The Court agrees with Defendants, however, that Relator may not use Section 3730(b) as a vehicle to evade compliance with Rule 15 of the Federal Rules of Civil Procedure. Relator already amended the Complaint once as of right and Defendants subsequently filed motions seeking to dismiss Plaintiff's Amended Complaint. Under the circumstances, Rule 15 requires Relator to file a motion for leave to amend, which the Court has "'discretion to deny [ ] for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party.'" Barclay v. Deko Lounge, No. 10-CV-0190, 2014 WL 198317, at *1 (E.D.N.Y. Jan. 14, 2014)

(quoting McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 200 (2d Cir. 2007). Although leave to amend is freely given when justice so requires, Relator's belated effort to amend in this case must be closely examined given Relator's failure to respond to Defendants' motion to dismiss. See FED. R. CIV. P. 15(a)(2).

Relator is therefore directed to file a motion seeking to amend the complaint under Rule 15. The motion shall include a copy of the proposed SAC, attached as an exhibit. In addition, Relator is GRANTED permission to file both the motion to amend and the proposed SAC under seal. The motion will remain under seal for sixty (60) days to afford the Government time to review the proposed SAC. After sixty days, the motion will be unsealed and Defendants will have an opportunity to respond.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss (Docket Entry 60) is DENIED WITHOUT PREJUDICE; ProHEALTH's motion to dismiss (Docket Entry 53) is FOUND TO BE MOOT; and Relator's motions to file under seal (Docket Entries 65, 67) are GRANTED IN PART and DENIED IN PART. Relator is directed to file under seal a motion to amend pursuant to Rule 15. The motion will remain under seal for sixty days to allow the Government to review the proposed SAC and determine whether to intervene. The Court will not allow the sixty-day deadline to be extended unless good cause

is shown.  Defendants shall respond to Relator's motion to amend after the Court orders the motion unsealed.

                                          SO ORDERED.

                                         /s/ JOANNA SEYBERT_____
                                         Joanna Seybert, U.S.D.J.

Dated:    August __5__, 2016
            Central Islip, New York